**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 96-4444

ANDREW COMO,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
Henry M. Herlong, Jr., District Judge.
(CR-95-495)

Submitted: February 27, 1997

Decided: March 13, 1997

Before MURNAGHAN, NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

D. Garrison Hill, HILL, WYATT & BANNISTER, L.L.P., Green-
ville, South Carolina, for Appellant. J. Rene Josey, United States
Attorney, Harold Gowdy III, Assistant United States Attorney, Green-
ville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Andrew Como appeals from his conviction of conspiracy to possess with intent to distribute and to distribute cocaine, 21 U.S.C.A. § 846 (1994), for which he was sentenced to 242 months in prison. We affirm.

Como first challenges the district court's refusal to instruct the jury on the charge of simple possession. Because possession is not a necessary element of the conspiracy charged, Como was not entitled to an instruction on simple possession. See United States v. Schmuck, 489 U.S. 705, 716 (1989) (where lesser offense requires element not required for the greater offense, the defendant is not entitled to a lesser included offense instruction); United States v. Horn, 946 F.2d 738, 744 (10th Cir. 1991) (holding that possession, possession with intent to distribute, and distribution are not lesser included offenses of conspiracy to commit those offenses).

Como next claims that the district court erred in refusing to grant his motion for a mistrial after a witness made a previously undisclosed statement at trial. The witness, Ms. Tamara Jeter, was a co-conspirator of Como's who testified for the government at trial as to various aspects of the conspiracy. On direct examination, Jeter was asked why she had given inconsistent statements to police when she was arrested. Jeter's response was that she was "scared." After Como's attorney attempted to impeach Jeter on these inconsistencies, the government's attorney, on re-direct, asked Jeter why she hadn't given Como's name to the police the day she was arrested. Jeter responded that Como and another conspirator (Dexter Barnes) had once said that "they would hurt anybody or kill anybody who testified against them." Como moved for a mistrial on the grounds that Jeter's testimony was unduly prejudicial and had not been disclosed to the defense pursuant to discovery. The district court issued a limiting instruction but refused to grant a mistrial.

We review the district court's evidentiary rulings for abuse of discretion. United States v. Whittington, 26 F.3d 456, 465 (4th Cir. 1994). The district court did not abuse its discretion for several rea-

2

sons. First, threat evidence is admissible if relevant to explain a witness' inconsistent statements. See, e.g., United States v. Thomas, 86 F.3d 647, 654 (7th Cir.), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3340 (U.S. Nov. 4, 1996) (No. 96-515). Second, there was no evidence that the government had committed any discovery violation because, as Como concedes, there was no evidence that Jeter had ever made the statement to anyone prior to the trial. Moreover, Jeter was available to the defense prior to trial. Finally, Como cannot demonstrate prejudice because he has made no showing that he could have discredited the statement had he received prior disclosure of its contents. See United States v. Jackson, 757 F.2d 1486, 1492 (4th Cir. 1985).

Finally, Como claims that Jeter's testimony regarding the threat made by Como and Dexter Barnes (who, at the time of Como's trial, was still at large) and a statement by another government witness violated his Sixth Amendment rights because they amounted to confessions by non-testifying co-defendants in violation of Bruton v. United States, 391 U.S. 123 (1968). However, the threatening statement mentioned by Jeter was attributed directly to Como. Moreover, this Court has held that Bruton does not apply if the non-testifying co-defendant's statement is admissible under the co-conspirator exception to the hearsay rule found in Fed. R. Evid. 801(d)(2)(E). United States v. Shores, 33 F.3d 438, 442 (4th Cir. 1994). The other statement, made by Deborah Hollis, was that Barnes told her in a telephone conversation that he was "wanted." Como's name was not mentioned and, therefore, the statement could not have incriminated him.

Accordingly, we affirm Como's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3